# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| TERRENCE MANN, Individually and For Others Similarly Situated, <br><br> v. <br><br> SPECIALIST STAFFING SOLUTIONS, INC. d/b/a PROGRESSIVE GLOBAL ENERGY. | Case No. 7:21-cv-00050 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Terrence Mann (Mann) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Specialist Staffing Solutions, Inc. d/b/a Progressive Global Energy (Progressive) under the Fair Labor Standards Act (FLSA).

2. Progressive is a global recruitment company.

3. Mann and the other workers like him regularly worked for Progressive in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Mann and those workers similarly situated received a daily rate with no overtime compensation.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court because Mann worked for Progressive in and around Midland, Texas.

## THE PARTIES

8. Mann worked for Progressive from March 20, 2019 until July 25, 2019 as a Health, Safety, and Environmental (HSE) employee.

9. Throughout his employment with Progressive, Mann was paid a day-rate with no overtime compensation.

10. Mann was staffed by Progressive to Exxon.

11. Mann's day-rate was $750.00 per day.

12. Mann's consent to be a party plaintiff is attached as Exhibit A.

13. Mann brings this action on behalf of himself and all other similarly situated workers who were received a day-rate while working for Progressive.

14. While working for Progressive, these workers received a flat amount for each day worked and did not get paid overtime for hours worked in excess of 40 hours in a workweek.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All HSE workers who were paid a day-rate with no overtime while working for Progressive in the past 3 years ("Putative Class Members").**

16. Progressive may be served through its registered agent, CT Corporation System, 1999 Bryan St, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Progressive has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Progressive has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Progressive has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as debris removal equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

20. At all times hereinafter mentioned, Mann and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

21. Progressive is a global recruitment firm.

22. To provide its services, Progressive staffs workers like Mann to perform work on its clients' job sites.

23. Mann was an HSE employee for Progressive.

24. Mann worked for Progressive on multiple Exxon job sites in the Permian Basin.

25. Mann would conduct daily safety meetings, provide safety advice, make sure the oilfield workers had on personal protective equipment, make sure the oilfield workers were maintain safe work habits, and complete daily safety reports.

26. Exxon is one of many operators that Progressive staffs its HSE workers.

27. Progressive and its clients determined the terms and conditions of Mann and the Putative Class Members' employment.

28. Progressive and its clients supervised and controlled, set pay, determined hours, and approved pay with respect to Mann and the Putative Class Members.

29. These HSE employees were paid by Progressive on a day-rate basis and make up the proposed Putative Class.

30. These workers perform the same job duties and are subject to the same or similar illegal pay practices for similar work.

31. Progressive paid Mann and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

32. For example, Mann worked for Progressive from March to July of 2019.

33. During this time, Mann was paid on a day-rate basis.

34. Mann and the Putative Class Members normally worked 12 hours a day.

35. Progressive never guaranteed Mann and the Putative Class Members a salary.

36. Mann and the Putative Class Members were not paid on a salary basis.

37. The Putative Class Members worked hours similar to Mann.

38. The Putative Class Members were denied overtime by the same illegal pay practice that resulted in Mann being denied overtime wages.

39. Failing to pay Mann and the Putative Class Members overtime violates the FLSA because these workers are non-exempt.

40. The day-rate system violates the FLSA because Mann and the Putative Class Members did not receive any overtime pay for hours worked over 40 hours each week.

### FLSA VIOLATIONS

41. As set forth herein, Progressive has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without

compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

42. Progressive knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

43. Progressive's failure to pay overtime compensation to Mann and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

44. Accordingly, Mann and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

45. Mann incorporates all previous paragraphs and alleges that the illegal pay practices Progressive imposed on Mann were likewise imposed on the Putative Class Members.

46. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

47. Numerous other individuals who worked with Mann indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

48. Based on his experiences and tenure with Progressive, Mann is aware that Progressive's illegal practices were imposed on the Putative Class Members.

49. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

50. Progressive's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

51. Mann's experiences are therefore typical of the experiences of the Putative Class Members.

52. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

53. Mann and the Putative Class Members all performed work in furtherance of the power industry.

54. Mann has no interests contrary to, or in conflict with, the Putative Class Members.

55. Like each Putative Class Member, Mann has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

56. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Progressive will reap the unjust benefits of violating the FLSA.

58. Furthermore, even if some of the Putative Class Members could afford individual litigation against Progressive, it would be unduly burdensome to the judicial system.

59. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

60. Mann's claims are typical of the claims of the Putative Class Members. Progressive and the Putative Class Members sustained damages arising out of Progressive's illegal and uniform employment policy.

61. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

62. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

63. Mann demands a trial by jury.

## RELIEF SOUGHT

64. WHEREFORE, Mann prays for judgment against Progressive as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Progressive liable for unpaid back wages due to Mann and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. For an Order granting such other and further relief as may be necessary and appropriate.

                                                    Respectfully submitted,

                                                    By: /s/ *Michael A. Josephson*
                                                    **Michael A. Josephson**
                                                    Texas State Bar No. 24014780
                                                    **Andrew Dunlap**
                                                    Texas State Bar No. 24078444
                                                    **Richard M. Schreiber**
                                                    Texas State Bar No. 24056278
                                                    **JOSEPHSON DUNLAP, LLP**
                                                    11 Greenway Plaza, Suite 3050
                                                    Houston, Texas 77046
                                                    713-352-1100 – Telephone
                                                    713-352-3300 – Facsimile
                                                    mjosephson@mybackwages.com
                                                    adunlap@mybackwages.com
                                                    rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**